# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1545

_____

United States of America

*Plaintiff - Appellee*

v.

Ahmad Jasir Rashad, also known as Diamond L. Coleman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 8, 2018
Filed: April 26, 2018
[Published]

_____

Before LOKEN, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Ahmad Rashad appeals the district court's denial of an 18 U.S.C. § 3582(c)(2) sentence reduction based upon Sentencing Guidelines Amendment 782, which in most cases retroactively reduced the drug quantity determination by two base offense levels. In 1993, a jury convicted Rashad of conspiracy to distribute cocaine and cocaine base and conspiracy to commit money laundering. The district court

determined that Rashad's base offense level was 42 based on the cocaine base for which he was responsible and sentenced him to life in prison on the drug count and a concurrent 60 months on the money laundering count.

In 1997, based on an earlier retroactive amendment to the drug quantity guidelines, Rashad's base offense level was reduced to 38, the highest level for 15 to 50 kilograms of cocaine base, and his sentence was reduced to 381 months. In 2009, the district court denied Rashad's § 3582(c)(2) motion to reduce his sentence under Amendment 706, concluding that the amendment did not lower his base offense level. We summarily affirmed. In 2013, the court denied Rashad's § 3582(c)(2) motion to reduce his sentence under Amendment 750, again concluding that his drug quantity was above the level for revised base offense level 38. Again, we summarily affirmed.

The district court denied the present motion, finding that Rashad does not qualify for a § 3582(c)(2) reduction because he "was accountable for 40 kilograms of cocaine base." Rashad argues the court erred because his original sentencing record did not establish that he was responsible for more than 25.2 kilograms of cocaine base, the minimum quantity for base offense level 38 under Amendment 782. We disagree. The original sentencing proceedings were extensive, with multiple addendums to the Presentence Investigation Report (PSR) and two sentencing hearings. Much of the delay was due to a complex inquiry into the drug quantities attributable to a far-flung conspiracy and to Rashad's role in that conspiracy. Paragraph 40 of the initial PSR explained that Rashad should be held responsible for "a conservative estimate of 40 kilograms of crack [cocaine]." Rashad objected to that determination. The government criticized the PSR's explanation but submitted its own tabulation attributing 42.4 kilograms of cocaine base to Rashad. At the conclusion of the final hearing, the district court ruled:

> I believe the conclusions in paragraph 40 are fully supported by credible evidence [at trial]. . . . I believe . . . based on the record that it is entirely

justified . . . at page 12 of the [PSR] that the amount of 40 kilograms of cocaine base is conservative, more than 40 is conservative. . . . [T]he challenge to paragraph 40 is denied.

Based on this record, we agree with the district court that Rashad was held accountable for 40 kilograms of cocaine base at his initial sentencing. A district court may make supplemental findings in a § 3582(c)(2) proceeding "if the findings are necessary to deciding the motion *and do not contradict any findings made at sentencing*." United States v. Moore, 706 F.3d 926, 928 (8th Cir.) (emphasis added), cert. denied, 134 S. Ct. 299 (2013). Here, having found that a finding of 40 kilograms was made at Rashad's initial sentencing, the district court properly declined his invitation to revisit that finding and concluded that Amendment 782 did not affect his base offense level of 38.

The Order of the district court dated February 22, 2017, is affirmed.

_____